**ABTOX, INC., Plaintiff/Cross–Appellant,**

v.

**EXITRON CORPORATION, Adir JACOB, and MDT Corporation, Defendants– Appellants.**

Nos. 96–1159, 96–1164.

United States Court of Appeals, Federal Circuit.

Nov. 10, 1997.

William L. Anthony, Jr., Orrick, Herrington & Sutcliffe, Menlo Park, CA, for plaintiff/cross-appellant. Of counsel were Robert DeBerardine, Brobeck, Phleger & Harrison, LLP, Austin, TX, and Karen Y. Spencer, Palo Alto, CA.

Donald R. Dunner, Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., of Washington, D.C., for defendants-appellants. Of counsel were Allen M. Sokal and Howard

A. Kwon; David V. Trask and James R. Duzan, Trask, Britt & Ross, of Salt Lake City, Utah, and John A. Lahive, Jr., Lahive & Cockfield, of Boston, Massachusetts.

## ORDER

LASKER, Judge.

Defendants–Appellants, Exitron Corporation, Adir Jacob, and MDT Corporation (collectively "MDT"), have petitioned for rehearing of this court's decision dated August 1, 1997. We grant MDT's petition for the limited purpose of amending our earlier opinion as follows:

1. Delete the last sentence of the first paragraph on page 15 of the opinion [122 F.3d at 1027] (beginning "This single chamber limitation").

 2. Replace the paragraph on page 15 of the opinion [122 F.3d at 1027] beginning "The district court misread" with the following text:

> The district court misread the prosecution history, but nonetheless arrived at a correct single chamber limitation for microwave sterilizers and the correct result on infringement. To properly construe the claims, the district court needed only to focus on the meaning of the claim language "gas-confining chamber," as interpreted in light of the specification and the parent application. In this context, there is a proper connection between the microwave and the RF claims. In the parent application, both the microwave and RF claims used the term "gas-confining chamber." * As issued, both sets of claims still use this term. Although these claims have since issued in separate patents, it would be improper to construe this term differently in one patent than another, given their common ancestry.

MDT argues that the term "gas-confining chamber" means a volume whose boundaries are defined by any physical barrier that does not allow gas to pass through. In this sense, both the Fraser device and Jacob's preferred microwave embodiment would comprise only one "gas-confining chamber." However, the term "gas-confining chamber" in the RF claims (such as claim 50 of the parent application) must logically be read to cover chamber 21 of the RF embodiment illustrated in figure 3. *See Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576, 1583–84, 39 USPQ2d 1573, 1578 (Fed.Cir.1996) (noting that claim interpretations excluding the preferred embodiment are heavily disfavored). Furthermore, the written description (and the RF claims) clearly state that gas flows "through" chamber 21. *See* '427 patent, col. 8, lines 47–48. Thus, we may infer that a "gas-confining chamber," for purposes of the RF claims, is a chamber which generally restricts the free exchange of gas with the ambient atmosphere, but which does not altogether confine gas flow in and out of the chamber. In turn, "chamber" has its ordinary meaning, consistent with the way Jacob used that term in categorizing the Fraser device as having two chambers. For consistency, "gas-confining chamber" must mean the same when used in the microwave claims.

As we have already seen, the microwave claims also require that both plasma generation and sterilization occur within a single "gas-confining chamber." This court holds that no reasonable fact finder could find that plasma generation and sterilization are performed within a single "gas-confining chamber" in the AbTox device, as that term is properly construed. Therefore, this court affirms the district court's grant of summary judgment of noninfringement.

IT IS SO ORDERED.

---

\* To be more accurate, the method claims in the parent application (as well as the '247 and '586 patents) use the term "gas-tight confining chamber." The apparatus claims in the '261 patent use the term "gas-confining chamber." For simplicity, we refer simply to a "gas-confining chamber." We agree with the district court that the terms are "indisputably interchangeable."